UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MICHAEL ADAMS,                                              :
                            Plaintiff,                      :
                                                            :   **MEMORANDUM DECISION AND**
            - against -                                     :   **ORDER**
                                                            :
724 FRANKLIN AVENUE CORP. and                               :   16-cv-5138 (BMC)
FRANKLIN BEER AND GROCERY, INC.,                            :
                                                            :
                            Defendants.                     :
----------------------------------------------------------- X

**COGAN, District Judge.**

Plaintiff, who has cerebral palsy and is wheel chair-bound, brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. (hereinafter "ADA"), asserting that due to various architectural barriers, he has been unable to access or has had limited access to defendants' grocery store and delicatessen. The case is before me on plaintiff's motion for a default judgment. The complaint lists a series of architectural barriers: steps at the front door that a wheelchair cannot ascend; too narrow entrance doors; more steps into the interior dining area; a high curb into the exterior dining area with too narrow a passageway to maneuver in a wheelchair; lack of enough tables in the exterior dining area at which one could fit a wheelchair; and several deficiencies making the restroom inaccessible. The complaint further alleges that plaintiff has in fact attempted to use this public facility but has been thwarted, and that he would attempt to use it again but for these architectural barriers.

Defendants have defaulted and the Clerk has entered their default pursuant to Federal Rule of Civil Procedure 55(a). This means that the factual allegations in the complaint relating to liability are deemed true. See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y.

1992). The complaint still has to state a valid claim for relief for plaintiff to proceed to default judgment, Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010), but with defendants having voluntarily chosen to default, any doubt as to the validity of the complaint will be resolved in favor of plaintiff as I am not going to act as defendants' lawyer when they chose not to retain one. See Greathouse v. JHS Sec. Inc., 784 F.3d 105, 120 (2d Cir. 2015) (Korman, D.J., concurring in part and dissenting in part) (observing that a court should not act as a defaulting party's lawyer and that "[t]he magistrate in the case essentially took it upon himself to act as counsel for parties who had not bothered themselves to appear in court."); Allstate Ins. Co. v. Tapper, 2015 14-CV-5410, 2015 WL 6869702, at *2-3 (E.D.N.Y. Nov. 9, 2015) ("[I]t is inappropriate and, indeed, unseemly for a court to act as the lawyer for a defendant that has chosen to default.).

In this regard, the events leading to default here are somewhat unusual and warrant comment. Plaintiff's motion for a default judgment annexes a string of emails between plaintiff's counsel and an attorney named Kevin O'Donoghue who, according to his statements in the string of emails, was retained by defendants for the limited purpose of making a *de minimis* settlement offer to plaintiff, and for no other purpose. Mr. O'Donoghue based his negotiations, in part, on his claim that the undersigned (this Court) "does not like these cases" and informed plaintiff's counsel that if they did not accept his settlement offer, "I am fine to let the case get defaulted and see what you can get from the judge." Another email in the string from Mr. O'Donoghue cites a newspaper article reporting on my decision in another ADA case in which I questioned whether the plaintiff's attorney there, who filed dozens of cases on behalf of the same plaintiff, had any genuine interest in making the establishments she sued ADA-

compliant, as opposed to collecting attorneys' fees.  A third email from Mr. O'Donoghue accuses plaintiff's attorney of having been sanctioned, although it does not say for what.

It is true that not only the undersigned, but other judges in this district, and indeed judges around the country, have questioned whether the ADA in some instances has become a vehicle of abuse by certain plaintiff's attorneys who have created a cottage industry by bringing multiple cases against small businesses on behalf of the same plaintiff when that plaintiff has no genuine intention of using the services of so many businesses.  See Cankat v. 41st Avenue Rest. Corp., No. 15-cv-4963, 2016 WL 7217638 (E.D.N.Y. Dec. 12, 2016) (Johnson, J.); Deutsch v. Henry, A-15-CV-490-LY-ML, et al., 2016 WL 7165993 (W.D. Tex. Dec. 7, 2016); Taylor v. 312 Grand St., No.15-cv-5410, 2016 WL 1122027 (E.D.N.Y. March 22, 2016) (Cogan, J.); Shariff v. Beach 90th St. Realty Corp., No. 11 Civ. 2551, 2013 WL 6835157 (E.D.N.Y. Dec. 20, 2013) (Bloom, M.J.); Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc., No. 11-cv-941, 2012 WL 1440226 (M.D.N.C. April 26, 2012); White v. Sutherland, No. CIV S-03-2080, 2005 WL 1366487 (E.D. Cal. May 6, 2005); Rodriguez v. Investco, L.L.C., 305 F. Supp. 2d 1278 (M.D. Fla. 2004); Steven Brother v. Tiger Partner, LLC, 331 F. Supp. 2d 1368 (M.D. Fla. 2004); Molski v. Mandarin Touch Rest., 347 F. Supp. 2d 860 (C.D. Cal. 2004); see also Caitlin Nolan and John Marzulli, Disabled Queens man sues at least 20 mom-and-pop businesses over 'architectural barriers' preventing wheelchair access, New York Daily News (April 28, 2015), http://www.nydailynews.com/new-york/queens/disabled-queens-man-sues-20-businessesbarriers-article-1.2201545; Alison Stateman, Lawsuits by the Disabled: Abuse of the System?, Time Magazine (Dec. 29, 2008), http://content.time.com/time/nation/article/0,8599,1866666,00.html.

3

I do not know if this plaintiff or his attorneys have a history of filing abusive ADA cases, and defendants, because they have defaulted, have elected not to tell me. But the fact that some plaintiffs and lawyers have abused the ADA gives defendants no license to ignore the process of this Court or to avoid their obligations under the ADA. Congress has mandated access for the disabled on a sliding scale depending on when a building was constructed or improved, see Taylor, 2016 WL 1122027, at *3, and defendants have to comply with the law, explain that they are already compliant, or defend the case on the ground that the plaintiff lacks standing. The burden on small businesses that compliance entails is ameliorated to some degree by the requirement that plaintiff demonstrate that the correction can be made at a reasonable cost, see 42 U.S.C. §§ 12181(9), 12812(b)(2)(A); 28 C.F.R. § 36.104, but if that is not sufficient, it is not for this Court to second-guess Congress. And if a defendant chooses to default, it abandons any defense that the compliance that plaintiff seeks is economically unreasonable.

Moreover, if, in a particular case, a plaintiff has no genuine desire to use the premises, a defendant is generally able to demonstrate that the plaintiff lacks standing under the ADA. A defendant, however, abandons this argument when it chooses to default. Judge Johnson's decision in Cankat, 2016 WL 721638, is a good illustration of that. In Cankat, there seemed to be good reason to question whether the plaintiff, a well-known serial ADA litigant, had any intention of using the facilities of the subject premises based on plaintiff's testimony at the inquest of damages. But because the defendant chose not to appear, there was no basis to avoid granting partial relief.

If a defendant is faced with a bad faith, serial litigant, the courts are well able to dismiss the case, award attorneys' fees, and even enjoin the plaintiff from filing further actions. See,

e.g., Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007). Defendants here, however, have forfeited the right to such remedies by choosing not to appear.

Plaintiff's complaint, the factual allegations of which are deemed true, meets all the necessary elements of a claim under the ADA. See 42 U.S.C. § 12182; Roberts v. Royal Atlantic Corp., 542 F.3d 363, 368 (2d Cir. 2008). In terms of relief, defendants were served with a copy of the motion for a default judgment (as was Mr. O'Donoghue, as a courtesy), but they have failed to respond. Plaintiff has requested an injunction requiring defendants to correct each of the non-compliant aspects of their premises. Plaintiff has cited to the particular ADA regulation requiring compliance, and is entitled to that relief.

However, given defendants' default, I think it is necessary to be practical. The more common way of ensuring ADA compliance is to require defendants to submit a construction plan within a reasonable period of time that will correct the non-compliant features of their premises. Having deliberately defaulted thus far, we should anticipate that defendants will continue to ignore any injunction that the Court enters; thus, if there is going to be a failure to comply with an injunction, it might as well be a single failure to comply with that term. Accordingly, the Court will enter a Final Judgment and Injunction requiring defendants to submit to plaintiff a plan for the correction of each of the non-compliant architectural barriers addressed in the complaint and the motion within 60 days.

Plaintiff's motion for a default judgment is therefore granted. Plaintiff may move for attorneys' fees as provided in the ADA within the time allowed under Federal Rule of Civil Procedure 54, or may await further proceedings relating to compliance with the injunction.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       December 29, 2016